**08 CV 00879**

Gloria C. Phares
Karen Lim
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
gcphares@pbwt.com
Telephone 212-336-2000
Facsimile 212-336-2222

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WEXFORD CAPITAL LLC, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| WEXTRUST CAPITAL, LLC, | ) |
| Defendant. | ) |

---

Plaintiff Wexford Capital LLC ("Wexford") by its attorneys Patterson Belknap Webb & Tyler LLP, for its Complaint against Defendant WexTrust Capital, LLC ("WexTrust"), alleges as follows:

### NATURE OF ACTION

1. This is an action for preliminary and permanent injunctive relief, damages, and attorneys' fees for WexTrust's infringement of Wexford's common law WEXFORD mark and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and unfair competition under New York common law.

2. Since 1994, Wexford has used the WEXFORD name and mark in connection with its private equity and hedge funds (the "Wexford Funds"), and has provided

investment advisory services under its WEXFORD mark to these funds. WexTrust's adoption of the identical WEXFORD mark for the marketing and management of its investment funds has caused, and will continue to cause, immediate and irreparable injury to Wexford by infringing upon Wexford's rights under the Lanham Act and New York common law.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. 1125(a). This Court therefore has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (action arising under the laws of the United States), § 1338(a) (action arising under an Act of Congress relating to trademarks), and § 1338(b) (action for unfair competition joined with a substantial and related claim under the trademark laws). This Court also has supplemental jurisdiction over the claims in this Complaint that arise under state common law, under 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), in that WexTrust resides and is subject to personal jurisdiction in this District, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5. Wexford is a limited liability company duly organized and existing under the laws of the State of Connecticut, with its principal place of business in Greenwich, Connecticut. Wexford is an investment advisor registered with the Securities & Exchange Commission and the National Futures Association. Wexford manages a series of affiliated hedge funds and private equity funds, and uses the WEXFORD mark in connection with these funds in interstate and foreign commerce.

6.  Upon information and belief, WexTrust is a limited liability company duly organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Upon information and belief, WexTrust is a specialty finance company that, among other activities in the field of finance, manages several private equity-type funds and one or more hedge-type funds. Upon information and belief, WexTrust markets its financial products and services throughout the United States and regularly transacts business within this District, including maintaining an office in Manhattan.

## FACTUAL ALLEGATIONS

**Wexford's Use of and Rights in the WEXFORD Mark**

7.  Wexford and its predecessor, Wexford Management LLC, have used the WEXFORD name and mark since 1994 in connection with its private equity and hedge funds. Wexford uses the mark WEXFORD FUNDS for these funds collectively. All of the Wexford Funds reflect the prominent use of the WEXFORD name. For example, the current Wexford Funds that are hedge funds are the following: Wexford Spectrum Fund, L.P. and Wexford Offshore Spectrum Fund Ltd.; Wexford Credit Opportunities Fund, L.P. and Wexford Offshore Credit Opportunities Fund Ltd.; Wexford Catalyst Fund, L.P. and Wexford Offshore Catalyst Fund Ltd.; and Wexford Global Strategies Fund, L.P. and Wexford Offshore Global Strategies Fund Ltd. Similarly, the Wexford Funds that are private equity funds reflect the prominent use of the WEXFORD name. The current Wexford Funds that are private equity funds include the following: Wexford Capital Partners II, L.P. and Wexford Overseas Partners I, L.P.; Wexford Special Situations 1996 L.P., Wexford Special Situations 1996 Institutional L.P., Wexford-Euris Special Situations 1996, L.P., and Wexford Special Situations 1996 Limited; Wexford Special Situations 1997, L.P. and Wexford Special Situations 1997 Institutional L.P.; Wexford Partners

V, L.P.; Wexford Partners VI, L.P.; Wexford Partners VII, L.P.; Wexford Partners VIII, L.P.; Wexford Partners 9, L.P.; Wexford Partners 10, L.P.; and Wexford Partners 11, L.P.

8. Since 1994, Wexford has provided investment advisory services under its WEXFORD mark to the Wexford Funds. Wexford serves as the investment advisor or sub-advisor to each of the Wexford Funds and exercises full discretionary investment authority with respect to the Wexford Funds.

9. Wexford's use of the WEXFORD mark in connection with providing investment advice to and managing the Wexford Funds occurs throughout the United States and in other countries, and Wexford has established goodwill associated with its use of the mark.

10. The Wexford Funds have over $7.0 billion of assets under management, including approximately $4.5 billion of capital in Wexford's hedge funds.

11. Wexford's hedge funds invest in a broad range of investment areas, including without limitation, long and short positions in US and international equities, high yield, fixed income and other debt securities, real estate related securities, derivatives, futures and options, foreign currencies, and commodities.

12. Wexford and the Wexford Funds have achieved prominence in their field and the performance of Wexford and the Wexford Funds has been acknowledged widely, including as follows:

A. On October 1, 2007, Barron's, a leading financial publication, listed Wexford's Wexford Spectrum Fund in its first ranking of the world's best-performing hedge funds based on 3 year performance returns.

B. In 2007 the Wexford Spectrum Fund was the runner up in the Absolute Return Hedge Fund awards in the Global Macro Category. Wexford Spectrum Fund had been

nominated in the same category in 2005, the same year in which the Wexford Catalyst Fund was nominated in the Equity Sector and Best New Fund categories.

   C. On December 1, 2005, the International Herald Tribune reported that Wexford's Wexford Spectrum Fund, was a "winner[]" in the category of macro hedge funds in a year when other funds in that class had performed badly.

   D. In 2003 MAR/Hedge, a leading hedge industry publication, featured Wexford in a "Manager Review" article.

   13. As a result of its long use of the WEXFORD name and mark, Wexford has acquired common law rights to that trade name and service mark in connection with private equity and hedge funds, and investment advisory services.

   14. In addition, on June 20, 2007, Wexford filed an application with the United States Patent and Trademark Office ("PTO") to register the WEXFORD mark for "financial services, namely providing investment advice to and managing private equity funds, hedge funds, and managed accounts," stating November 1, 1994 as the date of first use in commerce. That application was assigned serial number 77/210,457 and is now pending.

**WexTrust's Adoption and Infringing Use of Wexford's Mark**

   15. The "About Us" page from WexTrust's website printed on January 15, 2008, states that WexTrust's predecessor first adopted the name "Wexford" in 1996 for the name of its company, Wexford Bancgroup, that was formed to focus on the "commercial mortgage-backed securities industry" and the "specialty finance business."

   16. Upon information and belief, on or about October 8, 2002, WexTrust's predecessor formed the Wexford High Yield Debt Fund I, LLC.

17. Upon information and belief, WexTrust Capital, LLC was formed on or about June 17, 2003.

18. The "About Us" page of WexTrust's website printed on January 15, 2008, states that WexTrust Capital was formed "to better reflect the current and future direction of the organization and to build consistent branding."

19. Upon information and belief, between April 5, 2006 and September 12, 2006—beginning about three years after WexTrust Capital was formed to achieve "consistent branding" and five months after the International Herald Tribune reported the winning performance of Wexford's Wexford Spectrum Fund—the following investment funds bearing the "Wexford" name were organized: Wexford High Yield Debt Fund II, LLC; Wexford High Yield Debt Fund III, LLC; Wexford High Yield Debt Fund IV, LLC; Wexford Principle Protected Fund I, LLC; Wexford Diversified Futures Fund 1, LLC; Wexford/HPC Mortgage Fund, L.P. The WexTrust website's "About Us" page printed on January 15, 2008, lists these funds and the Wexford High Yield Debt Fund I, LLC as being under WexTrust's management.

20. Upon information and belief, by October 2006, WexTrust had formed and was managing a hedge fund called The Wexford High Yield Debt Offshore Fund, Ltd.

21. Upon information and belief, WexTrust markets its Wexford investment funds under the collective name "Wexford Funds."

22. Upon information and belief, some or all of WexTrust's investment funds invest in investment areas in which Wexford's hedge funds invest, namely, real estate related securities, derivatives, futures and options, foreign exchange, and commodities.

**Consumer Confusion Between Wexford's and WexTrust's Wexford Funds**

23.     On October 25, 2007, the President and Director of one of Wexford's subsidiaries contacted Wexford's General Counsel stating that he had received an inquiry from a business acquaintance who had received WexTrust's marketing materials for The Wexford High Yield Debt Offshore Fund, Ltd. and wanted to know whether the offered fund was one of Wexford's funds.

24.     On the same day, Wexford conducted a search using the term "Wexford" in the HedgeFund.net database, a widely-used database and information source for hedge fund investors. The search results, printed on October 25, 2007, generated a list of four funds, with three of Wexford's hedge funds listed first, second, and last, and one of WexTrust's funds listed third.

25.     On December 28, 2007, a Wexford partner was contacted by one of Wexford's major investors asking whether he should look into "the new Wextrust fund." The investor had received WexTrust's marketing materials for The Wexford High Yield Debt Offshore Fund, Ltd.

26.     On January 3, 2008, Wexford's outside counsel (Gloria C. Phares, Esq. of Patterson Belknap Webb & Tyler LLP ("Patterson Belknap")) wrote to WexTrust's Chief Executive Officer stating that WexTrust's use of "Wexford" in connection with its management and marketing of investment funds was likely to cause and had caused consumer confusion, and requesting a prompt response detailing the steps WexTrust was taking to change the name of its funds. A copy of Patterson Belknap's January 3, 2008 letter is attached as Exhibit 1. The letter was delivered to WexTrust on January 4, 2008.

27. On January 8 and 10, 2008, WexTrust's outside counsel (Adrian Mendoza, Esq. of Lillig & Thorsness, Ltd. ("Lillig & Thorsness")) sent two virtually identical letters to Patterson Belknap stating that it would forward a "comprehensive response" in "short order." Copies of Lillig & Thorsness' January 8 and 10, 2008 letters are attached as Exhibit 2.

28. On January 24, 2008, almost three weeks after WexTrust had received Patterson Belknap's cease and desist letter, Lillig & Thorsness still has not sent its promised "comprehensive response" to Wexford's counsel.

## FIRST CLAIM FOR RELIEF
### (Lanham Act: False Designation of Origin)

29. Wexford incorporates here paragraphs 1 through 28.

30. WexTrust's use of the WEXFORD mark as the significant term in the names of its investment funds and in the collective name "Wexford Funds" has and is likely to continue to cause confusion, mistake, and deception about WexTrust's affiliation, connection, or association with Wexford, or create the misleading impression that WexTrust's funds originate from, or are sponsored or endorsed by Wexford.

31. By reason of the foregoing, WexTrust's use of the WEXFORD mark constitutes false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

32. WexTrust's unlawful acts have caused and will continue to cause irreparable injury to the value and goodwill of Wexford's trademark, as well as to Wexford's business, goodwill, and reputation. In addition, Wexford has been damaged in a monetary amount to be determined at trial, and WexTrust has been unjustly enriched.

33. WexTrust's unlawful use of the WEXFORD mark alleged herein have been deliberate, willful, and in utter disregard of Wexford's rights.

## SECOND CLAIM FOR RELIEF
(New York Common Law: Unfair Competition)

34. Wexford incorporates here paragraphs 1 through 28.

35. By reason of the foregoing, WexTrust has engaged in unfair competition in violation of the common law of New York.

WHEREFORE, Wexford respectfully demands judgment against WexTrust as follows:

A. Preliminarily and permanently enjoin, under Fed. R. Civ. 65 and 15 U.S.C. § 1116, WexTrust, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them:

1. from using the WEXFORD name or mark in connection with hedge funds or private equity funds, or with investment advisory services to such funds;

2. from representing, by any means whatsoever involving use of the WEXFORD name or mark, that any of its hedge funds, private equity funds, or investment advisory services involve Wexford, and from otherwise acting in a manner likely to cause confusion, mistake, or deception as to the origin, association, or sponsorship of such funds and services and unfairly competing with Wexford.

B. Require WexTrust, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to take affirmative steps to dispel any false impressions concerning WexTrust's affiliation, connection, or association with Wexford that have been created by WexTrust's use of the WEXFORD name and mark.

C. Require WexTrust, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Wexford, within 30 days after entry of the injunction, a report, in writing and

9

under oath, setting forth in detail the manner and form in which WexTrust has complied with the terms of the Court's injunction.

    D. Award Wexford, pursuant to 15 U.S.C. § 1117(a) and the common law, WexTrust's profits, Wexford's damages, and the costs of the action.

    E. Declare this to be an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and award Wexford its reasonable attorneys fees and full costs.

    F. Grant Wexford any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116-1118 and under New York common law.

    G. Grant Wexford such other and further relief as the Court deems just and proper.

Dated: January 24, 2008

                Respectfully submitted,

                */s/ Gloria C. Phares*
                Gloria C. Phares
                Karen Lim

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
212-336-2000
gcphares@pbwt.com

Attorneys for Plaintiff Wexford Capital LLC

# EXHIBIT 1

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

January 3, 2008

**By Federal Express**

Gloria C. Phares
Partner
(212) 336-2686
Direct Fax (212) 336-7978
gcphares@pbwt.com

Mr. Steven Byers
Chief Executive Officer
WexTrust Capital, LLC
333 W. Wacker Drive, Suite 1600
Chicago, IL 60606

Re:    Trademark Infringement of Wexford Capital Name and Mark

Dear Mr. Byers:

We are counsel for Wexford Capital LLC ("Wexford Capital"), which has referred to us a service mark infringement matter of which it has recently become aware.

Wexford Capital and its predecessor, Wexford Management LLC, have used the Wexford name and mark since 1994 in connection with its private equity and hedge funds (the "Wexford Funds"). Also, since 1994, Wexford Capital has provided investment advisory services under its Wexford mark to the Wexford Funds. The Wexford Funds invest in a broad range of investment areas, including virtually all the areas in which WexTrust invests, such as, among others, high yield and other debt securities, real estate, derivatives, futures and options, foreign exchange, and commodities. Barron's has listed one of our client's Wexford Funds—the Wexford Spectrum fund (Class A/C)—as one of the best-performing hedge funds in the world and routinely reports on the performance of the Wexford Offshore Spectrum Fund as one of the 20 largest hedge funds it tracks. As a result of its long use of the trade name "Wexford Capital" and the "Wexford" mark, our client has acquired common law rights to that trade name and service mark in connection with private equity and hedge funds, and investment advisory services. Additionally, our client has a trademark application pending with the United States Patent and Trademark Office to register the "Wexford" mark in connection with the provision of investment advice to and management of private equity funds, hedge funds, and managed accounts.

Wexford Capital recently became aware that your company, WexTrust Capital, LLC ("WexTrust Capital"), has, largely within the last two years, begun managing and marketing several open ended "hedge" funds using the name "Wexford." Your adoption of an identical name for hedge funds and related investment advisory services in sectors in

January 3, 2008
Page 2

which our client has also long invested is likely to cause confusion with our client's trade name and service mark, in violation of the federal trademark laws, including 15 U.S.C. § 1125(a), state trademark laws, and the common law.

Confusion is not just likely. Your use of the name "Wexford" for your hedge funds has already caused consumer confusion. Specifically, two recipients of your marketing materials for the Wexford High Yield Debt Offshore Fund, Ltd., one of whom is a major Wexford investor, have recently contacted our client to ask whether this was one of our company's offerings. Additionally, a search for "Wexford" in the HedgeFund.net database, a widely-used database and information source for hedge fund investors, returns results that include three of our client's funds and one of yours. Faced with these commingled results, prospective investors can hardly avoid being confused as to the sponsorship of the funds.

Your website's "About Us" page states that WexTrust Capital was formed in 2003 "to build consistent branding." It is surprising, therefore, that WexTrust Capital chose to brand all but one of its investment funds "Wexford," the same mark that Wexford Capital has used for over thirteen years for its well-regarded Wexford funds. If WexTrust was focused on "consistent branding," why did it not also use "WexTrust" for its hedge funds? It should also have been aware that choosing Wexford's mark for WexTrust Capital's identical services risked trading on the goodwill associated with the Wexford Funds.

We demand that you cease further use of the name "Wexford" in connection with your investment funds. Please respond promptly detailing what steps you are taking to change the name of your funds.

This letter does not purport to be a complete statement of the facts or the law and is without prejudice to Wexford Capital LLC's legal and equitable rights, which are expressly reserved.

Sincerely yours,

Gloria C. Phares

# EXHIBIT 2

**LILLIG & THORSNESS, LTD.**
*Attorneys at Law*
SUITE 200
1900 SPRING ROAD
OAK BROOK, ILLINOIS 60523-1495
TELEPHONE (630) 571-1900
FACSIMILE (630) 571-1042

MARTIN J. LILLIG
WILLIAM W. THORSNESS
RUSSELL R. CUSTER, JR.
GREGORY F. SMITH
ADRIAN MENDOZA

Writer's E-Mail: amendoza@lilliglaw.com

January 8, 2008

FRANCESCO ROSELLI
DAVID R. STALLTER
JAMES M. JOYCE
JOSEPH P. WLEKLINSKI, JR.
MICHAEL J. WEICHER

Gloria C. Phares
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036

  Re: Your Client: Wexford Capital LLC
     Our Client: WexTrust Capital, LLC

Dear Ms. Phares:

  Please be advised that our firm has been retained to respond to yours of January 3, 2008 directed to WexTrust Capital, LLC. Currently, we are investigating the circumstances as set forth in your correspondence and will forward a comprehensive response to your attention in short order. However, at this time I bring to your attention that Mr. Byers has, for over a decade, used the "Wexford" name in the names of multiple entities, including those offering financial and investment services, and has established goodwill associated with his use of the "Wexford" name as well as the "WexTrust" name. Your assertion that my client has committed statutory or common law violations is not taken lightly.

  As stated above, I will provide you with a more detailed response. In the meantime, if you have any comments or questions, please do not hesitate to contact me.

               Very truly yours,

               LILLIG & THORSNESS, LTD.

               Adrian Mendoza

# LILLIG & THORSNESS, LTD.
### *Attorneys at Law*
SUITE 200
1900 SPRING ROAD
OAK BROOK, ILLINOIS 60523-1495
TELEPHONE (630) 571-1900
FACSIMILE (630) 571-1042

Writer's E-Mail: amendoza@lilliglaw.com

MARTIN J. LILLIG
WILLIAM W. THORSNESS
RUSSELL R. CUSTER, JR.
GREGORY F. SMITH
ADRIAN MENDOZA

FRANCESCO ROSELLI
DAVID R. STALLTER
JAMES M. JOYCE
JOSEPH P. WLEKLINSKI, JR.
MICHAEL J. WEICHER

January 10, 2008

Gloria C. Phares
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY 10036

Re:  Your Client: Wexford Capital LLC
     Our Client:  WexTrust Capital, LLC

Dear Ms. Phares:

Please be advised that our firm has been retained to respond to your correspondence of January 3, 2008 directed to WexTrust Capital, LLC. Currently, we are investigating the circumstances as set forth in your correspondence and will forward a comprehensive response to your attention in short order. However, at this time I bring to your attention that Mr. Byers has, for over a decade, used the "Wexford" name in the names of multiple entities, including those offering financial and investment services, and has established goodwill associated with his use of the "Wexford" name as well as the "WexTrust" name. Your assertion that my client has committed statutory or common law violations is not taken lightly.

As stated above, I will provide you with a more detailed response. In the meantime, if you have any comments or questions, please do not hesitate to contact me.

Very truly yours,

LILLIG & THORSNESS, LTD.

Adrian Mendoza